IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| CHARLIE BRANNER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-079 |
| | ) | |
| RONNIE FIELDS, Jail Administrator, | ) | |
| McRae, Georgia (Telfair County); | ) | |
| CHRISTOPHER W. STEVERSON, | ) | |
| Sheriff, McRae, Georgia (Telfair County); | ) | |
| RONALD BOWDOIN, Investigator, | ) | |
| McRae, Georgia (Telfair County); | ) | |
| and BRYAN O. SELPH, | ) | |
| Magistrate Judge, McRae, Georgia | ) | |
| (Telfair County), | ) | |
| | ) | |
| Defendants.[1] | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Coffee County Jail in Douglas, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Telfair County Jail in McRae, Georgia and at 106 Everett Street, Vidalia, Georgia. Plaintiff originally filed this case in the United States District Court for the Middle District of Georgia. (Doc. no. 1). Because Plaintiff states the events in the complaint occurred in Telfair County and Toombs County and all named defendants in the complaint are located in Telfair County, United States District Judge

---

[1]The **CLERK** is **DIRECTED** to modify the docket to reflect the caption as it appears here, which is consistent with Plaintiff's complaint. (See doc. no. 1, p. 4.)

C. Ashley Royal transferred the action to this district. (Doc. No. 6.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2), Plaintiff's motion to appoint counsel be **DENIED AS MOOT** (doc. no. 9), and this action be **DISMISSED** without prejudice.

I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). Section 1915(g) is constitutional because it does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

## II. DISCUSSION

### A. Dismissal Is Warranted Because Plaintiff Has Three Strikes

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed for being frivolous or malicious or for failing to state a claim upon which relief may be granted: (1) Branner v. Yates, CV 108-039 (M.D. Ga. May 27, 2008) (dismissing the action as frivolous) (2) Branner v. Hoffman, CV 712-066 (M.D. Ga. May 18, 2012) (failure to state a claim); and (3) Branner v. Teasley, CV 310-056 (M.D. Ga. Nov. 9, 2010) (failure to comply with court order).

A dismissal for failure to comply with a court order qualifies as a strike under § 1915(g). See Rivera, 144 F.3d at 731 (a case dismissed as an "abuse of the judicial process" counts as a strike under § 1915(g)); Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1544 (11th Cir. 1993) (holding that failure to comply with court orders is an "abuse of the judicial process"). Because he has at least three strikes under § 1915(g), Plaintiff cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### B. Plaintiff Does Not Qualify for the "Imminent Danger" Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Nothing in Plaintiff's complaint supports a finding of imminent danger of serious physical injury at the time he commenced this case. Plaintiff claims (1) he is being "illegally held" at Telfair County Jail, (2) he has "effectively been denied medical attention"

at the Telfair County Jail due to his "serious blood pressure problems, and chest pain" because there is no medical staff at the facility, (3) his mail can be opened by the jail administrator, and (4) there is "discrimination used against the [b]lack peoples and favoritism shown to the white peoples [sic]." (See doc. no. 1, pp. 5-6.) As to his claim concerning medical care, Plaintiff's complaint primarily objects to the lack of a medical staff located at the Telfair County Jail. (See id. at 6.) Plaintiff specifically notes, however, that inmates with "medical problems" are sent for treatment to another facility that has a medical staff. (Id.) Plaintiff also dated this allegation January 28, 2014 which was approximately six months before the complaint was filed. (Id.) Because Plaintiff does not assert that he was in any imminent danger of serious physical injury at the time he filed this lawsuit, he fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule. Medberry, 185 F.3d at 1193.

### C. Dismissal Is Also Warranted Because of Plaintiff's Dishonesty

The form complaint that Plaintiff used to commence this case, "Questionnaire for the Prisoners Proceeding Pro Se Under 42 U.S.C. § 1983," requires that prisoner plaintiffs disclose: (1) whether they have brought other federal lawsuits while incarcerated and (2) whether any federal lawsuits brought IFP were dismissed as frivolous, malicious, or for failure to state a claim. (Doc. no. 1, pp. 2-3.) Plaintiff did not indicate whether he had filed any lawsuits while incarcerated. (Id. at 2.) Plaintiff also failed to provide any information as to the plaintiffs, defendants, or the courts involved in any former cases he had filed. ( Id.) Plaintiff did indicate that he was allowed to proceed IFP in cases which were dismissed as frivolous, malicious, or for failure to state a claim. (Id. at 3.) However, Plaintiff only noted

that he was "unsure" as to the court and docket numbers of those cases. (Id.) As discussed *supra*, Section II.A, Plaintiff has brought at least three cases in which he was allowed to proceed IFP that were dismissed on such grounds in the last seven years.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731 (citations omitted); see also Young v. Sec'y Fla. Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2011) (*per curiam*) (affirming dismissal under inherent power of federal courts based on a plaintiff's failure to disclose prior cases on the court's complaint form).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044, 2011 WL 2461958 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), aff'd, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*). Thus, in refusing to answer the questions concerning his filing history, Plaintiff acted with dishonesty, which provides another basis for dismissal of this case.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2), Plaintiff's motion to appoint

counsel be **DENIED AS MOOT** (doc. no. 9), and this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to initiate a new lawsuit, which would require submission of a new complaint. <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this 29th day of August, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA